# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

In re:                                                        Case No. 24-16133-EPK

DURHAM HOMES USA LLC,                     Chapter 11

_____Debtor._____/

## ALTERNATIVE GLOBAL SIX, LLC'S OBJECTION TO THE DEBTOR'S ELECTION TO PROCEED UNDER SUBCHAPTER V OF CHAPTER 11

Alternative Global Six, LLC ("AG6"), pursuant to section 1182(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby objects to the election by Durham Homes USA LLC (the "Debtor") to proceed under subchapter V of Chapter 11 of the Bankruptcy Code. In support of this Objection, AG6 respectfully states as follows:

## PRELIMINARY STATEMENT

1.      In its bankruptcy petition, the Debtor improperly designated this case as a Subchapter V case, asserting that it has less than $7,500,000 in noncontingent debts (excluding amounts owed to insiders). On the contrary, as of the Petition Date, the Debtor had aggregate noncontingent liquidated debts of not less than $28,504,363, comprised of, at a minimum (i) not less than $9,104,363 on account of unpaid principal and interest owed to AG6 under the Note,[1] as calculated on **Exhibit A** attached hereto, and (ii) $19,400,000 allegedly owed to Broad Street Global Management LLC (also known as Broadstreet Global Management LLC, "Broad Street"). In addition, as of March 31, 2024, the Debtor had $1,354,398 in customer deposit liabilities

---

[1] This amount includes only certain liquidated debts owed by the Debtor to AG6 as of the Petition Date and is not intended to include all debts and obligations of the Debtors, including those additional amounts owed for breach of the JV Agreement discussed further below. AG6 will file a proof of claim against the Debtor in due course and reserves all rights with respect thereto.

reported on its balance sheet, none of which were disclosed on the Debtor's bankruptcy schedules filed in this case. [Docket No. 44, Balance Sheet, at p. 7]. Even if the Debtor takes the position that Broad Street is an "insider" (with a clear articulation of how it meets that definition), the $9,104,363 in debt to AG6 under the Note, which is certainly liquidated and noncontingent, renders this case ineligible for Subchapter V.

2. The Debtor's own financials demonstrate that as of December 31, 2021, the Debtor booked a litigation reserve liability as to the AG6 Note in the amount of $7,332,992. See attached **Exhibit B**. Adding interest on this litigation reserve liability number from December 31, 2021, to the Petition Date adds an additional liability of $2,618,000, for a total of $9,950,992. This $7,332,992 liability amount is also reflected in the Debtor's IRS filings filed under penalty of perjury. [Docket No. 33, Statement 9 – Form 1065, Schedule L, Line 20 – Other Liabilities]. With interest due on the face of the AG6 Note alone, that amount was well in excess of the $7,500,000 threshold amount to qualify for Subchapter V designation as of the Petition Date.

## BACKGROUND

**A. The Debtor's Prepetition Transactions With Alternative Global Six, LLC**

1. <u>Term Loans</u>. On July 10, 2020, the Debtor executed a Revolving Note and Security Agreement (the "<u>Note</u>") in the principal amount of $5,995,000.00 in favor of AG6.[2] From approximately July 10, 2020 through March 25, 2022, AG6 loaned the Debtor $5,995,000 through 23 separate advances. Each loan under the Note bears interest at a rate of 15% per annum. The terms of the Note require, among other things, payment of interest on each of the term loans thereunder on the first day of each calendar month or, alternatively, on the closing date of each home sold in which the funds were used for home building. The Debtor made only two payments

---

[2] A true and correct copy of the Note is attached hereto as **Exhibit C**.

2

on the Note totaling $532,885.82: (i) $332,885.82 on July 30, 2021, and (ii) $200,000 on March 18, 2022.

2.     Debtor's Defaults Under the Note. The Debtor failed to make the interest payment due April 1, 2022, and all subsequent interest payments and failed to make payments due on the closing date of each home sold in which funds were used for home building as required by the express terms of the Note. Thus, pursuant to the terms of the Note, AG6 accelerated all principal and interest due.

3.     JV Agreement. On or about July 10, 2020, the Debtor also entered into a Joint Venture Agreement for Home Building (the "JV Agreement") with AG6, pursuant to which the Debtor agreed, among other things, to pay AG6 50% of the profits on the sale of every home.[3] Pursuant to the JV Agreement, AG6 agreed to be the sole and exclusive provider of capital and the Debtor agreed to manage day-to-day operations.

4.     Breach of the JV Agreement. The Debtor subsequently breached the JV Agreement by, among other things, failing to pay AG6 its share of the profits upon the closing of each sale, and failing to provide AG6 access to the joint venture's books and records.

B. Prepetition Litigation and Arbitration

5.     On October 17, 2022, AG6 filed a Verified Complaint against the Debtor in the Supreme Court of the State of New York, County of New York, Index No. 653837/2022 (the "NYS Proceeding"), for breach of contract on account of the Debtor's defaults under the Note.[4] In the NYS Proceeding, the Debtor admitted that "it entered into the Note and that AG6 loaned

---

[3] A true and correct copy of the JV Agreement is attached hereto as **Exhibit D**.

[4] A true and correct copy of the Complaint filed by AG6 in the NYS Proceeding is attached hereto as **Exhibit E**.

$5,995,000 to Durham pursuant to the Note."[5] As of the Petition Date, the Debtor was obligated under the Note to AG6 in the amount of not less than $9,104,363, comprised of $5,995,000 in principal and $3,109,363 in accrued and unpaid interest, including default interest at a rate of 18% beginning April 2, 2022, as calculated on **Exhibit A**. In denying a motion to dismiss filed by the Debtor, the Court in the NYS Proceeding observed that "the Note outlines a clear intent of the parties to enter into a binding agreement under which the plaintiff is obligated to advance monies to defendant on a promise and expectation that defendant will repay the said loan with agreed upon interest as at [sic] when due." Order dated April 16, 2024, at p. 8, attached hereto as **Exhibit F**. As of the date of the Petition, the parties were engaged in discovery and were scheduled for a court conference on July 10, 2024, to set the remaining case schedule including on potential cross-motions for summary judgment. That conference and all discovery have been stayed by the NYS court as a result of this bankruptcy case.

6.    On or about October 26, 2023, AG6 commenced arbitration proceedings against the Debtor with the American Arbitration Association, AAA Case No. 01-23-0004-8808 (the "<u>Arbitration Proceeding</u>"), asserting claims for breach of contract, for an accounting, and requesting injunctive relief on account of the Debtor's numerous breaches of the JV Agreement.[6] As of the date of the Petition, the parties were scheduled to begin the final evidentiary hearing on June 25-28, and July 1-3. The arbitration has been stayed by the AAA as a result of this bankruptcy case, but the Panel has not been disbanded, and is ready to reschedule the final hearing if and when the stay is lifted.

---

[5] A true and correct copy of the Verified Answer filed by the Debtor in the NYS Proceeding is attached hereto as **Exhibit G**.

[6] A true and correct copy of the Complaint filed by AG6 in the Arbitration Proceeding is attached hereto as **Exhibit H.**

4

**C. The Chapter 11 Case**

7. On June 20, 2024 (the "Petition Date"), the Debtor a filed voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. In the petition, the Debtor asserts that "its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 and it chooses to proceed under Subchapter V of Chapter 11." The Debtor remains in possession of its property and continues to operate its businesses and manage its property as a debtor in possession under section 1184 of the Bankruptcy Code.

8. On June 26, 2024, Aleida Martinez-Molina was appointed as Subchapter V Trustee for the Debtor [Docket No. 25].

9. The meeting of creditors under section 341 of the Bankruptcy Code has been scheduled for July 31, 2024, at 10:00 a.m. E.T. [Docket No. 27].

**D. The Debtor's Prepetition Debts**

10. As of the Petition Date, the Debtor has aggregate noncontingent liquidated debts of not less than $28,504,363, comprised of (i) not less than $9,104,363 on account of unpaid principal and interest owed to AG6 under the Note[7] and (ii) $19,400,000 allegedly owed to Broad Street Global Management LLC ("Broad Street").

11. AG6. Pursuant to the unambiguous terms of the Note, it is indisputable that the Debtor is obligated to AG6 in the aggregate amount of at least $9,104,363 as of the Petition Date, and that such debt is noncontingent and liquidated. Although the Debtor contends that the debts

---

[7] This amount includes only certain liquidated debts owed by the Debtor to AG6 as of the Petition Date and is not intended to include all debts and obligations of the Debtors, including those additional amounts owed for breach of the JV Agreement discussed further below. AG6 will file a proof of claim against the Debtor in due course and reserves all rights with respect thereto.

owed to AG6 under the Note are contingent, unliquidated, and disputed,[8] such contentions are baseless and belied by the undisputable facts as discussed more fully herein.

12.     Broad Street. In addition, even before accounting for the Debtor's obligations to AG6, the Debtor has asserted in this case that it is obligated to Broad Street in the amount of $19,400,000. Specifically, the Debtor filed its *Third Amended Chapter 11 Case Management Summary* [Docket No. 40], in which it indicates that it is indebted to Broad Street in the amount of $19,400,000, and the Debtor does not allege that such is contingent or unliquidated. The Debtor further alleges that the debts to Broad Street are secured by "All assets of the debtor." *Third Amended Chapter 11 Case Management Summary* [Docket No. 40] at p. 2. Accordingly, even before accounting for the Debtor's obligations to AG6, by the Debtor's own admissions, the Debtor's aggregate secured and unsecured debt is at least $19,400,000.[9] In addition, on its original list of non-insider creditors with the 20 largest unsecured claims, the Debtor scheduled Broad Street with a claim of $19,400,000. [Docket No. 1]. More recently, after AG6 raised the Subchapter V eligibility issue, the Debtor revised the list of 20 largest to exclude Broad Street, without any explanation. [Docket. No. 54]. If by this schedule change Debtor is suggesting that Broad Street is an insider, it should clearly make that assertion, and provide the basis for such assertion by reference to the statutory definition of insider.

---

[8] *See, e.g., Third Amended Chapter 11 Case Management Summary* [Docket No. 40] at p. 2; Official Form 204, *List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* [Docket No. 54].

[9] Nothing herein is intended to be or shall be deemed to be an admission by AG6 as to the amount, validity, priority, or extent of the Debtor's obligations to Broad Street, and AG6 reserves all rights to contest all or any portion of the Debtor's purported obligations to Broad Street and any liens purporting to secure such obligations. Although the Debtor alleges that its obligations to Broad Street are secured by all of the Debtor's assets, Broad Street has not produced a security agreement and filed a UCC-1 Financing Statement against the Debtor on May 21, 2024, only one month prior to the Petition Date; such filing is therefore avoidable by the Debtor's estate as a preference.

6

**RELIEF REQUESTED**

13.     AG6 respectfully requests that the Court deny and strike the Debtor's election to proceed pursuant to subchapter V of chapter 11 of the Bankruptcy Code because the Debtor is not eligible to be a "debtor" under subchapter V.

**OBJECTION**

14.     The Debtor's aggregate noncontingent liquidated secured and unsecured debts far exceed the $7,500,000 threshold for eligibility under subchapter V, and therefore the Debtor's election should be stricken. Section 1182 of the Bankruptcy Code provides that, in order to be a "debtor" under subchapter V, the person must be:

> engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the filing of the petition . . . in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor[.]

11 U.S.C. § 1182(1). The debtor must state in its petition whether the debtor elects to have subchapter V of chapter 11 apply, as the Debtor did here, and a party in interest may object to such election no later than 30 days after the conclusion of the section 341 meeting of creditors. Fed. R. Bankr. P. 1020(a)–(b). "If a party challenges the debtor's Subchapter V election, the debtor has the burden of proving eligibility." *In re Vertical Mac Constr., LLC*, Case No. 6:21-01520-LVV, 2021 Bankr. LEXIS 2285, at *4 (Bankr. M.D. Fla. July 23, 2021) (*citing In re Blue*, 630 B.R. 179, 187 (Bankr. M.D.N.C. 2021); *In re Offer Space*, 629 B.R. 299, 304 (Bankr. D. Utah 2021); *In re Ikalowych*, 629 B.R. 261, 275 (Bankr. D. Colo. 2021)).

15.     The Debtor cannot meet its burden to prove subchapter V eligibility requirements because the Debtor's aggregate secured and unsecured debts exceed the $7,500,000 threshold to be a "debtor" under subchapter V. As an initial matter, the Debtor's disclosures in both in its

petition and in the Third Amended Chapter 11 Case Management Summary reflect that the Debtor has liabilities of at least $19,400,000 on account of its debt to Broad Street, which the Debtor does not assert is contingent, liquidated, or disputed. This, by the Debtor's own admissions, demonstrates that the Debtor does not qualify to be a "debtor" under subchapter V. To the extent the Debtor now maintains that Broad Street is an insider, it should clearly articulate how and why that is the case, by reference to the statutory definition of insider.

16. Additionally, the Debtor is obligated to AG6 in the amount of at least $9,104,363 as of the Petition Date in unpaid principal and interest under the Note. Despite the Debtor's bare assertion that its obligations to AG6 are contingent, unliquidated and disputed, the debt to AG6 is fixed and liquidated. "Importantly, just because a debt is 'disputed' does not make it 'contingent' or 'unliquidated.'" *In re Heart Heating & Cooling, LLC*, 2024 Bankr. LEXIS 689, *26 (Bankr. D. Colo. Mar. 21, 2024). *See also In re Carter*, 2023 Bankr. LEXIS 3060, *22 (Bankr. N.D. Ga. Dec. 13, 2023) ("[T]he plain language of § 1182 does not exclude disputed debts, only contingent and unliquidated debts.").

17. <u>First</u>, the Debtor's liability under the Note is not contingent. Upon the Debtor's default due to its failure to make payments when due, the Obligations (as defined in the Note) were accelerated no later than the filing of the NYS Complaint on October 17, 2022, and all Obligations under the Note were immediately due and payable as of and prior to the Petition Date. Thus, there are no contingencies to the Debtor's liability under the Note.

18. <u>Second</u>, the Debtor's liability to AG6 under the Note is liquidated. "[T]he concept of a liquidated debt relates to the amount of liability, not the existence of liability." *United States v. Verdunn*, 89 F.3d 799, 802 (11th Cir. 1996). Indeed, courts do not look to the extent of a dispute regarding a claim, nor the amount of evidence needed to establish the validity of a claim, but rather "whether the process for determining the claim is fixed, certain, or otherwise determined by a

8

specific standard." *Barcal v. Laughlin* (*In re Barcal*), 213 B.R. 1008, 1014 (B.A.P. 8th Cir. 1997); s*ee also In re Krupka*, 317 B.R. 432, 436 (Bankr. D. Colo. 2004) ("A debt is liquidated, regardless of whether or not the Debtor disputes the debt, if the amount of the debt is capable of being readily ascertained."). The amount of the Debtor's liability under the Note is liquidated and readily calculated under the express terms of the Note (*i.e.*, principal amount of Term Loans of $5,995,000, plus 15% interest through April 1, 2022, plus 18% interest from April 2, 2022, through the Petition Date, for an aggregate liquidated amount due and owing of at least $9,104,363).

19. Accordingly, the Debtor's aggregate, noncontingent, liquidated, secured and unsecured debts as of the Petition Date far exceed $7,500,000, and the Debtor is not eligible to be a debtor under subchapter V of chapter 11.

## CONCLUSION

**WHEREFORE**, AG6 respectfully requests that the Court strike the Debtor's election to proceed under subchapter V of chapter 11 and grant such other and further relief as the Court deems just and proper.

Dated: July 11, 2024                Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**

*/s/ John B. Hutton*
John B. Hutton, Esq. (Fla. Bar No. 902160)
Jon Swergold, Esq. (Fla. Bar No. 108510)
Zach Needell, Esq. (Fla Bar No. 1011742)
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: huttonj@gtlaw.com
Email: swergoldj@gtlaw.com
Email: zachary.needell@gtlaw.com

*Counsel for Alternative Global Six, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2024, I electronically filed the foregoing Objection with the Clerk of the Court using CM/ECF. I also certify that the foregoing Objection is being served automatically via the Court's electronic system to all counsel of record or *pro se* parties who are authorized to receive electronically Notices of Electronic Filing in this bankruptcy case, or by first class U.S. Mail.

*John B. Hutton*
John B. Hutton, Esq.

**SERVICE LIST:**

**Via Electronic Mail:**

**Heidi A Feinman**

Heidi.A.Feinman@usdoj.gov

**Hayley G Harrison**

hharrison@wernicklaw.com; mortman@wernicklaw.com; cworkinger@wernicklaw.com

**Aleida Martinez-Molina**

Martinez@SubV-Trustee.com, camm11@trustesolutions.net

**Martin P Ochs**

martin.p.ochs@usdoj.gov

**Office of the US Trustee**

USTPRegion21.MM.ECF@usdoj.gov

**Eric S. Pendergraft**

ependergraft@slp.law,dwoodall@slp.law;dlocascio@slp.law;

bshraibergecfmail@gmail.com; pmouton@slp.law

**Bradley S. Shraiberg**

bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

**Aaron A. Wernick**

awernick@wernicklaw.com,awernick@ecf.courtdrive.com;crubin@wernicklaw.com;

cworkinger@wernicklaw.com;caftimos@wernicklaw.com;mortman@wernicklaw.com;

hharrison@wernicklaw.com

**Via Manual Notice/U.S. Mail:**

Ford Motor Credit Company, LLC, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118